SUCCESSION OF RIVERA ET AL., PLAINTIFFS AND APPELLANTS, *v.*
SUCCESSION OF SALAS ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Arecibo in an Action of
Ejectment.

No. 2202.—Decided June 17, 1920.

JURISDICTION—EJECTMENT.—In an action of ejectment for the recovery of a
property whose value exceeds five hundred dollars the jurisdiction of the dis-
trict court is clear, and such jurisdiction is not affected by the facts that the
property came into the possession of the defendant by virtue of two actions,
the amount of each of which was less than five hundred dollars, and that the
nullity of the proceedings in both suits is alleged.

The facts are stated in the opinion.
*Messrs. L. Mercader* and *E. Martín* for the appellants.
*Mr. F. R. Flores* for the appellees.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an action of ejectment. It is maintained that by
virtue of certain suits brought in the Municipal Court of
Utuado a rural property belonging to the plaintiffs was
levied on and sold, its value being more than $500 according
to all the transactions made in connection therewith. The
seventh allegation of the complaint reads as follows:

"The said attachments were levied and the defendants were sum-
moned by Pedro de Jesús Vega, Deputy Marshal of the District
Court, but he did not summon the minor members of the succession
of Pedro Rivera Maldonado in any lawful manner; nor were María
Clara and Eufemia Rivera Sánchez, members of the said succession
and co-owners of the properties levied on, made parties defendant.
And in executing the judgments unlawfully entered in the said suits
the marshal of the municipal court of Utuado did not advertise the
sale of the properties by publication or in any other manner as to
the second action for $461.50, but sold the properties altogether at
a single sale; and the plaintiffs allege that from first to last the said
proceedings took place without jurisdiction on the part of the Utuado
court of the subject-matter of the action, or otherwise, in violation
of the laws of procedure applicable to the case."

The defendants duly answered and maintained the valid-

ity of the proceedings and of the transactions whereby the property finally came into their possession, which they exercised as owners, quietly, uninterruptedly and peacefully.

The case went to trial and the evidence was examined. The district court entered judgment which reads in part as follows:

"At this stage and after having heard the testimony of the clerk of the Municipal Court of Utuado and considered the allegations of the complaint and the documentary evidence produced by the clerk of the Municipal Court of Utuado referring to the two actions prosecuted by Enrique Blanco Salas against the succession of Pedro Rivera Maldonado, both being actions of debt for $461.50 and $341 respectively, and the nullity of the proceedings in the said actions being the cause of action here asserted, and considering that two actions for amounts less than the jurisdictional amount of this court and of which the Municipal Court of Utuado has exclusive jurisdiction, according to the law of 1904 for reorganizing the judiciary can not be joined, the court holds that it is without jurisdiction of this case."

The plaintiffs appealed to this court and filed their brief in time. The defendant-appellees filed no brief and did not appear at the hearing on the appeal.

In our opinion the error of the trial court is manifest. This is an action of ejectment for the recovery of a property valued at more than $500 and brought against the persons who are in possession of the property. The facts that the said property came into the possession of the defendants by virtue of two actions of debt brought against the plaintiffs, the amount sued for in each being less than $500, and that the nullity of the proceedings in the said suits is alleged, are not what determines the jurisdiction of the court, but it is determined by the action for the recovery of the property. Here the nullity is not the cause of action. The right of the plaintiffs to the ownership of the property is prior to and independent of the nullity of the proceedings.

See the case of *Oliver et al.* v. *Oliver*, 23 P. R. R. 168–191, and the cases therein cited.

The judgment appealed from should be reversed and the case remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Chief Justice Hernández and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.